UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
THERESA ANN HANKERSON,

                Plaintiff,                              **MEMORANDUM AND ORDER**
                                                                24-CV-1623 (LDH) (LB)

          -against-

61 PCT.; PSHA1 PCT, Brooklyn, New
York Kings; DT. DESERTO, Police Officer,

                Defendants.
------------------------------------------------------------x
LASHANN DEARCY HALL, United States District Judge:

Plaintiff Theresa Ann Hankerson brings this *pro se* action invoking the Court's subject

matter jurisdiction under 28 U.S.C. § 1331.[1] ECF No. 1, ("Compl."). The Court grants Plaintiff's

request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. ECF No. 2. For the following

reasons, the Complaint is dismissed, and Plaintiff is granted thirty days to file an amended

complaint.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis*

action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune

from such relief." At the pleadings stage of the proceeding, the Court must assume the truth of

"all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch*

*Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662 (2009)).

A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Furthermore, it is axiomatic that *pro se*

---

[1] The action was transferred to this court from the United States District Court for the Southern District of New York on March 5, 2024. ECF No. 5.

complaints are held to less stringent standards than pleadings drafted by attorneys and the Court

is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest

arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9

(1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008).

However, the Supreme Court has held that a district court has "the authority to 'pierce the

veil of the complaint's factual allegations'" when considering an *in forma pauperis* complaint.

*Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The Court further stated that "a court is not bound

. . . to accept without question the truth of the plaintiff's allegations. We therefore reject the

notion that a court must accept 'as having an arguable basis in fact,' all allegations that cannot be

rebutted by judicially noticeable facts." *Id*.

## DISCUSSION

Plaintiff's complaint is difficult to understand, and it is unclear what her federal cause of

action is against the named defendants. The best the Court can ascertain is that Plaintiff is

complaining about being harassed by a neighbor and that the police have failed to take proper

action. Plaintiff states

> I'm going threw [sic] community bullying with these cops I had put in a few
> report FTC police reports of 2023 9/2023 10/2023 about Desiree Ellis she
> came after me . . .. She has here [sic] son and friends helping her, I had put this
> on report I've been communicating with detective about the case . . ..

Compl. at 2. Plaintiff seeks, "transfer to move order of protection." *Id.*

Rule 8

Federal Rule of Civil Procedure 8(a) provides that "[a] pleading that states a claim for

relief must contain" a "short and plain statement of the grounds for the court's jurisdiction" and

"a short and plain statement of the claim showing that the pleader is entitled to relief." Those

statements must "give the defendant fair notice of what the plaintiff's claim is and the grounds

upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). This applies to *pro se* plaintiffs as well. *Harnage v. Lightner*, 916 F.3d 138, 141 (2d Cir. 2019) ("While we construe *pro se* pleadings liberally, the basic requirements of Rule 8 apply to self-represented and counsel alike.") (internal quotations omitted). "When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative, . . . to dismiss the complaint." *Id*. Even giving the most liberal construction to Plaintiff's Complaint, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Complaint clearly does not comply with Rule 8(a). As such, the Complaint must be dismissed.

Claim against Police Precincts

To the extent Plaintiff seeks to bring a claim against a police precinct her claim fails because city agencies are not generally suable entities. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. *See Wingate v. City of New York*, No. 08 CV. 217, 2008 WL 203313, at *2 (E.D.N.Y. Jan. 23, 2008) (police precinct is not a suable entity).

Police Investigations

Finally, to the extent Plaintiff alleges that police failed to investigate her complaints, Plaintiff's claims must be dismissed. Police officers have discretion to conduct investigations and initiate arrests and are charged with acting for the benefit of the public, not private citizens. *See Kneitel v. Rose*, No. 19-CV-3742, 2019 WL 3804678, at *2 (E.D.N.Y. Aug. 13, 2019) (citing *Town of Castle Rock, Colo. v. Gonzales*, 545 U.S. 748, 760, 765 (2005) (noting the "well established tradition of police discretion" and that "serving of public rather than private ends is the normal course of the criminal law."). Therefore, "police officers have no affirmative duty to

investigate complaints, as the government and its agents are under no general duty to provide public services or protection to individual citizens." *Morris v. City of N.Y.*, No. 14-CV-1749-JG-LB, 2015 WL 1914906, at \*5 (E.D.N.Y. Apr. 27, 2015) (citing *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.,* 489 U.S. 189, 197 (1989)).

## LEAVE TO AMEND

If a "liberal reading of the complaint gives any indication that a valid claim might be stated," a *pro se* plaintiff should be given an opportunity to amend the complaint. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009). Here, in light of this Court's duty to liberally construe *pro se* complaints, and in an abundance of caution, the Court will allow Plaintiff to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. *Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

If she chooses to file an amended complaint, Plaintiff must identify each legal claim and set forth a short, plain statement of the relevant facts supporting the claim. Plaintiff should describe what each named defendant or defendants did or did not do, and how each defendant caused Plaintiff injury, and only name defendants that were personally involved. Plaintiff must also provide the dates and locations for each relevant event.

The amended complaint will replace, not supplement, the original complaint, and must be captioned as "Amended Complaint" and include the same docket number as this Order: 24-CV-1623 (LDH) (LB).

## CONCLUSION

The Complaint, filed *in forma pauperis*, is dismissed. 28 U.S.C. § 1915(e)(2)(B). Plaintiff is granted thirty days to file an amended complaint.

4

For free, confidential, limited-scope legal assistance, Plaintiff may wish to contact the City Bar Justice Center's Federal Pro Se Legal Assistance Project in Brooklyn by calling (212) 382-4729.

Any amended complaint that Plaintiff elects to file will be reviewed for sufficiency. No summons shall issue at this time and all further proceedings shall be stayed. If Plaintiff fails to amend the complaint, or cure the deficiencies discussed herein, judgment shall be entered.

The Clerk of Court is directed to mail a copy of this Memorandum and Order to Plaintiff, along with a general complaint form.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States,* 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ LDH_____
LaShann DeArcy Hall
United States District Judge

Dated: Brooklyn, New York
April 15, 2024